UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, *et al.*, | Case No. 3:11-cv-458 |
| Plaintiffs, | Judge Timothy S. Black |
| vs. | |
| HOOSIER STEEL, INC., *et al.*, | |
| Defendants. | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DOC. 10)

This is civil case is before the Court on the Motion for Default Judgment filed by Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit, Pension, and Annuity Trusts ("Plaintiffs"). (Doc. 10). Defendants Hoosier Steel, Inc. ("Hoosier Steel") and Kerry E. Ledbetter ("Ledbetter") (collectively referred to as "Defendants") did not respond to Plaintiffs' Motion and the time for doing so has expired. The Motion is now ripe for decision by the Court.

### I. PROCEDURAL HISTORY

Plaintiffs filed the Complaint on December 27, 2011. (Doc. 1). The Clerk issued a summons to Defendants on December 28, 2011. (Doc. 2). Hoosier Steel was served on January 7, 2012 (Doc. 3) and Ledbetter was served on January 30, 2012 following a reissuance of summons. (Doc. 7). Defendants did not answer, appear or otherwise defend against the Complaint, and as a result, Plaintiffs applied for an entry of default on February 28, 2012. (Doc. 8). The Clerk docketed an Entry of Default against Defendants on February 28, 2012. (Doc. 9). Plaintiffs now move for default judgment. (Doc. 10).

## II. FACTUAL BACKGROUND

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see also Trice v. Lake & Country Real Estate*, No. 86–1205, 1987 WL 38852, at *2 (6th Cir. Oct.29, 1987). The following are the facts of this case as set forth in Complaint. (Doc. 1-5).

Plaintiffs are employee benefit funds under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") that have been created pursuant to Trust Agreements between various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (the "Participating Unions") and various employers having collective bargaining agreements with the Participating Unions involved. Plaintiffs are maintained pursuant to one or more collective bargaining agreements ("CBAs") between one or more labor organizations and more than one employer. These CBAs require more than one employer to contribute to the individual trusts. Accordingly, Plaintiffs are multiemployer plans under ERISA.

Defendant Hoosier Steel is an employer as defined under ERISA, having its principal place of business in the state of Indiana. Defendant Ledbetter is an owner of Hoosier Steel and he is also the President and/or principal officer of Hoosier Steel. Ledbetter is a fiduciary to Plaintiffs within the meaning of ERISA because he exercises or has exercised discretionary authority or control with regard to the management or disposition of plan assets, including employer contributions and other associated amounts that are owed to Plaintiffs.

At all times relevant to this case, Hoosier Steel was a party to one or more Participation Agreements with Plaintiffs and has been bound to the terms of one or more CBAs with Iron Workers Local Union No. 22, Indianapolis, Indiana, which is a participating local union affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers (the "Iron Workers Labor Agreement"). The Iron Workers Labor Agreement establishes the wages, hours, and terms and conditions of employment of Hoosier Steel's bargaining unit employees covered thereunder.

Among the wages, hours, and terms and conditions of employment established by the Iron Workers Labor Agreement is the requirement that Hoosier Steel contribute a certain amount per hour for each covered employee to the Benefit Trust, the Pension Trust, and the Annuity Trust. The Iron Workers Labor Agreement obligates Hoosier Steel to make contributions to a multiemployer plan or plans.

Hoosier Steel employed employees whose wages, hours, and terms and conditions of employment are set forth in the Iron Workers Labor Agreement. However, Hoosier Steel has failed and refused to make such contributions to Plaintiffs on behalf of the covered employees as required. Hoosier Steel is delinquent to Plaintiffs, and thus, Hoosier Steel owes Plaintiffs delinquent employer contributions, pre-judgment interest, and liquidated damages.

Ledbetter had the power and authority to pay Hoosier Steel's creditors, including Plaintiffs. Since September 15, 2010, Ledbetter directly and personally determined not to remit employer contributions owed by Hoosier Steel to Plaintiffs, and instead, either diverted those payments to the general assets of Hoosier Steel, or used those payments

due and owing to Plaintiffs for other impermissible purposes. Ledbetter, as a fiduciary pursuant to the Trust Agreements as well as ERISA, owed fiduciary duties to Plaintiffs and their participants. As alleged in the Complaint, Ledbetter grossly and deliberately breached his fiduciary duties by failing to remit employer contributions and by diverting such contributions for other purposes. Plaintiffs contend that such actions amount to Ledbetter having engaged in prohibited transactions under ERISA.

## III. ANALYSIS

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-0298 MCE DAD, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co.*, 722 F.2d at 1323 (further citations omitted)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713 at *5 (E.D. Mich. Jun. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010) (citations omitted).

Here, Defendants failed to answer, appear or otherwise defend against the Complaint and never responded following the Clerk's entry of default, and failed to respond to Plaintiffs' Motion for Default Judgment. Defendants now seek default judgment, with joint and several liability, requesting:

1. Judgment in the Trusts' favor for all unpaid contributions, interest, and liquidated damages in the sum of $301,153.93, together with interest, computed pursuant to Title 28 U.S.C. §1961, and the costs of this action;

2. Judgment in favor of the Trusts, for the Trusts' reasonable attorney fees and other costs of this action pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. §1132(g)(2)(E), to be set forth in an affidavit of counsel in accordance with this Court's local rules;

3. That Hoosier Steel, Inc. and Kerry Ledbetter be permanently enjoined, pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. §1132(g)(2)(E), from committing any further violations of Section 515 of ERISA, 29 U.S.C. §1145, with respect to the Trusts;

4. Judgment in the Trusts' favor for post judgment interest on all monetary awards made hereunder pursuant to 29 U.S.C. §1961;

5. Any other legal equitable relief that this Court deems appropriate;

6. That this Court retain jurisdiction of this cause pending Hoosier Steel, Inc.'s and Kerry Ledbetter's compliance with its orders;

7. That a declaratory order be issued, finding that Kerry Ledbetter has breached his fiduciary duties owed to the Trusts;

8. That a declaratory order be issued, finding that Kerry Ledbetter has engaged in one or more prohibited transactions in violation of ERISA, with respect to the Trusts;

9. That Kerry Ledbetter be found jointly and severally liable with

> Hoosier Steel to reimburse the Trusts for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. §1009(a), including all delinquent contributions, interest, liquidated damages, costs, and attorney fees;

10. That an order be issued directing an accounting of all of Hoosier Steel, Inc.'s delinquent contributions that have not been paid to the Trusts due to Kerry Ledbetter's orders or directions, and an accounting of all losses suffered by the Trusts and their participants as a result of his fiduciary breach and prohibited transactions, with Mr. Ledbetter to pay the costs of such an accounting;

11. That this Court enter an order directing disgorgement of all ill-gotten gains by Mr. Ledbetter and/or Hoosier Steel, including employer contributions that have been wrongfully withheld from the Trusts.

12. That this Court award the Trusts any and all other relief from Kerry Ledbetter as it may deem equitable and just under the circumstances.

(Doc. 10).

In support of their Motion, Plaintiffs submit the affidavit of Peggy Gotthardt, the person responsible for monitoring employer contributions to Plaintiffs. (Doc. 10-3). Ms. Gotthardt testifies that Hoosier Steel owes Plaintiffs a total of $284,092.36 in delinquent contributions, $9,976.33 in liquidated damages, and $7,085.24 in interest. (Doc. 10-3). The Court concludes that the specific monetary damages claimed are sums certain supported by an affidavit, and therefore, a hearing on damages is not required. The Court adopts as its own finding the sum certain of the monetary damages evidenced by Ms. Gotthardt's affidavit.

## IV. CONCLUSION

Based the facts asserted and accepted as true by virtue of Defendants' default, the Court **GRANTS** Plaintiffs' Motion for Default Judgment in part. Accordingly, the Court **ORDERS** and **DECLARES** as follows:

1. Plaintiffs are awarded judgment against Hoosier Steel, Inc. and Kerry E. Ledbetter, jointly and severally, for unpaid contributions, interest, and liquidated damages in the sum of $301,153.93, together with interest, computed pursuant to Title 28 U.S.C. §1961, and the costs of this action;

2. Plaintiffs are awarded their reasonable attorney fees and costs from Hoosier Steel, Inc. and Kerry E. Ledbetter, to be submitted by a separate motion along affidavits and supporting documents at the conclusion of this case;

3. Hoosier Steel, Inc. and Kerry Ledbetter are enjoined from committing any further violations of Section 515 of ERISA, 29 U.S.C. §1145, with respect to Plaintiffs;

4. Kerry E. Ledbetter has breached his fiduciary duties owed to the Trusts;

5. Kerry E. Ledbetter has engaged in one or more prohibited transactions in violation of ERISA, with respect to the Trusts;

6. Kerry E. Ledbetter is jointly and severally liable with Hoosier Steel, Inc. to reimburse Plaintiffs for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. §1009(a), including all delinquent contributions, interest, liquidated damages, costs, and attorney fees;

7. Plaintiffs are entitled to an accounting of all of Hoosier Steel, Inc.'s delinquent contributions and payments caused by to Kerry Ledbetter's orders or directions, and to an accounting of all losses suffered by Plaintiffs and their participants as a result of Mr. Ledbetter's fiduciary breaches and prohibited transactions, with Mr. Ledbetter to pay the costs of such an accounting;

8. Kerry E. Ledbetter and Hoosier Steel, Inc. shall disgorge any ill-gotten gains, including employer contributions that have been wrongfully withheld from Plaintiffs.

9. The Court will retain jurisdiction over this case until such time as Hoosier Steel, Inc. and Kerry E. Ledbetter have complied with its orders.

**IT IS SO ORDERED.**

Date: 4/3/12

Timothy S. Black
United States District Judge