UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS DISTRICT COUNCIL | : | Case No. 3:11-cv-458 |
| OF SOUTHERN OHIO & VICINITY | : | |
| BENEFIT TRUST, *et al.*, | : | Judge Timothy S. Black |
| | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| HOOSIER STEEL, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR REASONABLE
ATTORNEYS' FEES AND COSTS OF THE ACTION (DOC. 15)**

Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, et al. ("Plaintiffs") move to recover attorneys' fees and the costs of this Case from Defendants Hoosier Steel, Inc. ("Hoosier Steel") and Kerry E. Ledbetter ("Ledbetter") (hereinafter Hoosier Steel and Ledbetter are collectively referred to as "Defendants") pursuant to Sections 502(g)(2) and 409(a) of the Employee Retirement Income Security Act of 1074 ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1009(a). Defendants have not responded and the time for doing so has expired. Plaintiffs' Motion is now ripe.

"Under § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)), the award of reasonable attorney fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan." *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 936 (6th Cir. 1996). In determining the amount of attorney fees to be awarded, "the court is obligated to assure that fees are 'reasonable[,]'" a determination "committed to the sound discretion of the district court." *Bemis v. Hogue*, 935 F.2d 269, 1991 WL 102385, at *7 (6th Cir. Jun. 13, 1991).

Generally, "the 'lodestar' approach is the proper method for determining the amount of reasonable attorneys' fees." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted). However, the "calculation of fees in an ERISA case does not necessarily require strict application of the lodestar method." *Kauffman v. Sedalia Med. Ctr.*, Case No. 204-CV-543, 2007 WL 490896, at * (S.D.Ohio Feb. 9, 2007).

In utilizing the lodestar approach, courts typically begin by multiplying "'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id*. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). The lodestar product is presumptively reasonable, though "other considerations . . . may lead the district court to adjust the fee upward or downward[.]" *Id*. (citing *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1940).

Here, Plaintiffs' attorneys represent a total number of 21.75 hours expended in resolving this case. The performed includes compiling evidence of damages, consulting and corresponding with Plaintiffs and their representatives, as well as drafting pleadings, an application for entry of default, and a motion for default judgment with supporting materials. After a review of the work performed and the hours Counsel expended in performing such work, the Court concludes the 21.75 hours expended is reasonable.

In total, Plaintiffs' attorneys represent a total of $4,250 in attorney fees, which amounts to an average hourly rate of $195.40. Given the skill and experience of counsel as evidenced by submissions to the Court and the results obtained in this case, the Court concludes that an average hourly rate of $195.40 is more than reasonable. The Court further concludes that the amount of costs sought, $443.10, is also reasonable.

Accordingly, having considered Plaintiffs' Motion and the supporting materials attached thereto, the Court **GRANTS** Plaintiffs' Motion (Doc. 15) and **AWARDS** Plaintiffs $4,250.00 in reasonable attorney fees and $443.10 in litigation costs from Defendants Hoosier Steel, Inc. and Kerry E. Ledbetter.

**IT IS SO ORDERED.**

Date:   5/25/12                         *s/ Timothy S. Black*
                                        Timothy S. Black
                                        United States District Judge